UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:20-cr-00004-BJB-LLK

UNITED STATES OF AMERICA,                    PLAINTIFF/RESPONDENT

v.

MICHAEL DEREK MCCUISTON,                    DEFENDANT/MOVANT

## OPINION AND ORDER

Movant filed a *pro se* Motion under 28 U.S.C. § 2255 to Expand the Record. Motion [70]. The Court referred the Motion to the undersigned Magistrate Judge Lanny King under 28 U.S.C. § 636(b)(1)(A). The United States responded, Response [DN 77], and Movant replied, Reply [DN 79]. The matter being ripe for review, the Court **DENIES** Movant's Motion, [DN 70].

### Discussion

Movant is serving a 120-month term of imprisonment for attempted possession of child pornography in violation of 18 U.S.C. § 2252A. [DN 41]. Movant previously moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Motion to Vacate [DN 43]. The undersigned Magistrate Judge recommended that the motion be denied. Recommendation [DN 63].

In the instant Motion, Movant largely attempts to re-argue his Motion to Vacate, alleging prosecutorial misconduct and ineffective assistance of counsel. Movant also argues that the Court improperly declined to consider his February 1, 2024, Initial Reply, [DN 64], to the government's answer to his Motion to Vacate, [DN 60]. In considering the instant Motion, the Court will also consider Movant's Initial Reply and his Objections to the Court's Recommendation, [DN 65], out of an abundance of caution. In setting up the modified "Background Facts and Procedural History"

1

below, originally included in the Recommendation, [DN 63], the Court has given deference to Movant's various arguments raised in his Initial Reply and Objections and has omitted portions of the Background to which he objects. These omissions are noted in the footnotes below. Relying only on the uncontested facts, the outcome is still the same—Movant is not entitled to relief.

## Legal Standard

"An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief. Thus, no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Gabrion v. United States*, 43 F.4th 569, 589 (6th Cir. 2022) (citing *Arredondo v. United* States, 178 F.3d 778, 782 (6th Cir. 1999) (quotations omitted). Where there is no indication "that a factual hearing would clarify the plea agreement" that is the basis of the pending Motion, there is no need to hold a hearing. *Brooks v. United States*, 708 F.2d 1280, 1283 (7th Cir. 1983).

Under federal law, "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.*

## Background Facts and Procedural History

Movant is serving a 120-month term of imprisonment for attempted possession of child pornography in violation of 18 U.S.C. § 2252A. [DN 41].

In 2019, Movant was a middle school teacher in Lyon County, Kentucky. According to Movant, his wife looked at his cellphone and saw videos of him setting up a camera in a bathroom

2

and recording a teenager changing clothes.[1] [DN 43-5] at 12. Movant's wife told Movant's stepmother, who told a friend, who told police. Police sought and obtained a search warrant of Movant's house based, in part, on statements from Movant's wife. The search warrant resulted in seizure of the incriminating videos on Movant's cellphone—which Movant maintains had been deleted from the phone.[2] Additionally, the school superintendent turned over to law enforcement Movant's school-issued laptop, which also contained the incriminating videos. Movant confessed to police that he surreptitiously recorded the female teenager changing clothes.[3] In June 2021, Movant entered into a written plea agreement with the United States. [DN 33].

In exchange for pleading guilty, the United States agreed that "[a]t the time of sentencing, the United States [would agree] that a sentence of 120 months imprisonment is the appropriate disposition of this case." *Id*.

In June 2021, at a change of plea proceeding, the United States summarized the factual basis for Movant's guilty plea as follows:

> On or about and between February 28th, 2019, and April 19th, 2019, in the Western District of Kentucky, Lyon County, Kentucky, Michael Derek McCuiston, defendant herein, knowingly attempted to possess child pornography, to wit, surreptitiously recorded bathroom video of two children, both of which had not attained the age of 18. Michael Derek McCuiston placed a hidden camera in an attempt to capture child pornography, that is, lascivious exhibition of the anus, genitals, or pubic area of the children. The recorded images were produced using materials that had been mailed, shipped, or transported in or affecting interstate commerce.

[DN 55].

---

[1] Movant objected to the Court's finding that his wife was "distraught" and that he intended to video the minor "using the bathroom" in a "middle school bathroom." [DN 65] at 2. Movant does not contest that he intended to video "a specific 16-year-old girl changing clothes." *Id.*; [DN 38] at 7.

[2] Movant indicated that he promptly deleted, from his cellphone, the video recordings of the underage girls (after viewing them two times). *Id*. Movant does not contest that the videos were also found on his school-issued laptop. *Id.*

[3] Movant maintains that his "confession consisted of an admission to surreptitiously recording the staff restroom to witness the female teenager 'change clothes[,]'" and he did not intend to video her using the toilet for his sexual gratification. [DN 65] at 2-3.

3

In November 2021, the Court sentenced Movant to 120 months imprisonment pursuant to the plea agreement and the presentence investigation report, which found that Plaintiff has a total offense level of 31 and a criminal history category of I, resulting in a guideline range of 108-35 months. [DN 42].[4]

**Discussion**

Even under Movant's description of facts and events surrounding his plea deal, he would not be entitled to an evidentiary hearing "because the evidence of his guilt is overwhelming." *Gabrion*, 43 F.4th at 589. Movant undeniably admitted to setting up the hidden camera hoping to capture a specific sixteen-year-old girl changing clothes, admitted to attempting to capture a lascivious exhibition of the anus, genitals, or pubic area of a child, and officers found a video of Movant setting up the camera that he used to capture the videos. Objections [DN 65] at 2; Plea Agreement [DN 33] at 2; Plea Hearing Transcript [DN 55] at 13; Initial Reply [DN 64] at 1-2. It makes no difference whether his wife was distraught or that he might not have specifically intended to film the child using the toilet. Lascivious attempt to film a minor undressing or changing clothes is enough for a conviction under § 2251(a):

> 'Courts have repeatedly upheld convictions under § 2251(a) where the defendant, with lascivious intent, secretly videoed minors engaged in otherwise innocent activities such as undressing to change clothes or take a shower.' *United States v. Vallier*, 711 F. App'x 786, 788 (6th Cir. 2018), citing *United States v. Miller*, 829 F.3d 519, 524-26 (7th Cir. 2016); *United States v. Holmes*, 814 F.3d 1246, 1251-52 (11th Cir. 2016); *United States v. Johnson*, 639 F.3d 433, 440-41 (8th Cir. 2011); also see *United States v. Hodge*, 805 F.3d 675, 684 (6th Cir. 2015) (a stepfather using a hidden bathroom camera to record videos of his fifteen-year-old stepdaughter naked was relevant conduct to his receipt of child pornography conviction and 'qualified as attempted production of child pornography under federal law').

---

[4] Movant adds that probation "recommended that a term of imprisonment ranging between 30-37 months was the appropriate disposition for the case." [DN 65] at 2-3. In exchange for dismissal of the original charge of attempted production of child pornography under § 2251, an offense that carries a fifteen-year mandatory minimum, Movant agreed to plead guilty to attempted possession of child pornography under § 2252, an offense that carries a ten-year statutory maximum. Sentencing Memorandum [DN 39] at 2.

Sentencing Memorandum [DN 39] at 3.

Movant agreed to plead guilty to attempted possession of child pornography and a ten-year sentence under § 2252, avoiding the charge of attempted production of child pornography and fifteen-year mandatory minimum under § 2251. *Id.* at 2.

Movant argues for expanding the record to introduce the following purported facts:

1. He had little or no communication with the teenage female prior to recording.
2. He did not grant authorization for the teenage female to use the staff restroom instead of the approved locker room.
3. He never instructed or asked the teenage female to engage in sexually explicit behavior.
4. He was not present when the recording took place.
5. He was unaware of what occurred in the staff restroom during the recording.
6. The recording was not used for his sexual gratification.
7. The recording was deleted almost instantaneously.

Motion [DN 70] at 3.

None of these 'facts' would negate the overwhelming evidence of guilt. Furthermore, the presentation of any mitigating evidence could have no effect on Movant's sentence, per the plea agreement:

> Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

Plea Agreement [DN 33] ¶25.

Movant also provides several cases purporting to show how other defendants' counsel were able to bargain for more favorable sentences. For example, citing "U.S. v. Thomas Matthew Follmer, Lexis 107933 (W.D. Kentucky, 2023)," Movant states that "Follmers counsel effectively bargained for a sentence of 135 months. A term 45 months below the 15 year mandatory

minimum." Initial Reply [DN 64] at 6. But Movant's counsel effectively bargained for a sentence of 120 months, a term 60 months below the 15-year mandatory minimum under § 2251.

Movant's claims of prosecutorial misconduct involve the United States' conduct at the sentencing hearing and would not be aided by expanding the record, since the transcript is already available. *See* Sentencing Hearing Transcript [DN 56].

Movant's claims of ineffectiveness and prosecutorial misconduct, based on his current interpretation of the plea agreement and presentence report, are undermined by his acknowledgement of understanding at the change of plea hearing. Plea Hearing Transcript [DN 55] at 13-16 (Movant acknowledging that he agreed to a 10-year sentence, as opposed to a 15-year minimum sentence, by agreeing to plead guilty to the lesser charge of attempted possession of child pornography; confirming he consulted with his attorney about how the advisory sentencing guidelines may apply).

Movant's legal arguments about the applicable guidelines would not be aided by an evidentiary hearing.

Movant's claims of ineffectiveness and prosecutorial misconduct have also been addressed by the Court's Recommendation, [DN 63]. Consideration of his Initial Reply, [DN 64], and Objections, [DN 65], does not alter the conclusion that his Motion to Vacate, [DN 43], should be denied.

## Conclusions

To the extent Movant raises additional claims related to the need for an evidentiary hearing, those claims fail.

Movant's claims of pre-plea ineffectiveness are waived. *Tollett*, 411 U.S. at 267.

Movant's claims of ineffectiveness, based on failure to investigate mitigating evidence, are futile and provide no grounds for an evidentiary hearing.

Movant is not entitled to an evidentiary hearing. A federal district court must hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The record in this matter conclusively demonstrates that Movant is not entitled to relief, obviating the need to hold an evidentiary hearing. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

## ORDER

Because Movant's arguments for an evidentiary hearing are without merit, the Court **DENIES** Movant's motion under 28 U.S.C. § 2255 to Expand the Record. Motion [70].

June 27, 2025

Lanny King, Magistrate Judge
United States District Court